1 PHILIP J. GRAVES (SBN 153441)
philipg@hbsslaw.com
2 HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
3 Pasadena, CA 91101
Telephone: (213) 330-7150
4 Facsimile: (213) 330-7152

5 Attorneys for Plaintiff
JOSEPH NEEV
6

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10 SOUTHERN DIVISION

11

12 JOSEPH NEEV, an individual,    No. 8:15-cv-1995

13              Plaintiff,

      v.                          **COMPLAINT FOR PATENT
14                                INFRINGEMENT AND DEMAND
   LENSAR, INC., a Delaware corporation,   FOR JURY TRIAL**
15
             Defendant.
16

COMPLAINT FOR PATENT INFRINGEMENT

805943 V1

Plaintiff Joseph Neev ("Dr. Neev"), by and through his undersigned attorneys, pleads as follows:

## I. PARTIES

1. Dr. Neev is an individual residing in Laguna Beach, California.

2. LensAR, Inc. ("LensAR") is a corporation organized and existing under the laws of the State of Delaware, having its headquarters in Orlando, Florida.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. On information and belief, this Court has personal jurisdiction over LensAR for the reasons, among others, that (i) LensAR transacts business by selling infringing product in California, and (ii) LensAR maintains an agent for service of process in Sanger, California.

5. Venue is proper in this District because LensAR resides in this District within the meaning of 28 U.S.C. §§ 1391 and 1400(b).

## III. FACTUAL ALLEGATIONS

**A.  Dr. Neev**

6. Dr. Joseph Neev is a physicist and an inventor of revolutionary applications of lasers in the ophthalmic, dermatological, dental and cardiovascular fields.

7. Dr. Neev's career in advancing the use of laser technology to optimize surgical applications began in the late 1980s. His contributions to augment the use of lasers in medical and other applications is well-recognized in the industry, and can be seen through his numerous publications and his affiliation with reputable institutions such as Lawrence Livermore National Laboratory ("Livermore"), the University of California at Irvine ("UCI"), the Beckman Laser Institute, the University of California at San Diego, the University of California at San Francisco, Cornell University School of Medicine, the University of Texas at Austin, Stanford University's School of

Medicine and Duke University's School of Medicine. As an internationally recognized leader in the field of femtosecond lasers in surgery and medicine, Dr. Neev was asked, in the mid-1990's, to organize the first conference on commercial and biomedical applications of ultrashort pulse lasers and served as the conference chair or co-chair for over a decade.

8. In the mid and late 1990s, Dr. Neev worked as an assistant professor of surgery at the Beckman Laser Institute and Medical Clinic, which was part of the Department of Surgery at UCI. At the time, Dr. Neev worked with other University of California scientists at Livermore on research and development projects relating to ultrashort pulse lasers. Livermore, which was managed by the University of California at the time, is a federally funded research laboratory, entrusted with strengthening the United States' security through the development and application of world-class science and technology.

**B.    The '199 Patent**

9. Following his departure from UCI, Dr. Neev continued his research concerning medical applications of laser technology. Dr. Neev's subsequent work has resulted in the issuance of at least 15 U.S. Patents covering various laser, light and heat-based biomedical applications. Among these is U.S. Patent No. 6,482,199 (the "'199 Patent"), entitled "Method and Apparatus for High Precision Variable Rate Material, Removal and Modification," which was issued to Dr. Neev by the U.S. Patent and Trademark Office on November 19, 2002.

10. Dr. Neev is the sole inventor and owner of the '199 Patent, and holds all right, title and interest in and to the '199 Patent.

**C.    The LENSAR Laser System**

11. LensAR markets and sells the LENSAR Laser System in the United States.

12. The LENSAR Laser System is an ophthalmic surgical laser intended for laser in anterior capsulotomy and laser phacofragmentation in cataract surgery. It has at least the following indicated uses:

- Anterior capsulotomy and laser phacofragmentation;
- Removal of the crystalline lens;
- Creation of full and partial thickness single plane and multi-plane cuts/incisions in the cornea.

13. On information and belief, the LENSAR Laser System is used to selectively ablate and/or modify eye tissue.

14. On information and belief, the LENSAR Laser System operates with a pulse duration of 1500 femtoseconds or less.

15. On information and belief, the LENSAR Laser System operates with a pulse repetition rate of 15 kilohertz.

16. On information and belief, when the LENSAR Laser System is used for an indicated use, laser energy is directed at and below the surface of the eye, creating incisions or tunnels in the cornea as well as a plurality of cavitation bubbles below the surface of the eye.

17. On information and belief, when the LENSAR Laser System is used for an indicated use, an absorption and/or scattering characteristic of the material of the target region of the eye is varied, for example, as a result of the application of suction or pressure to the eye by a patient interface.

18. On information and belief, certain parameters of the LENSAR Laser System, such as the pulse energy, may be or have been manipulated such that a deposited volumetric power density of the beam within a target region of the eye is greater than the threshold volumetric power density.

19. On information and belief, when the LENSAR Laser System is used for an indicated use, ablation or other modification of eye tissue occurs as a result of the interaction of laser energy with eye tissue.

- 3 -

805943 V1

# COUNT I

# INFRINGEMENT OF THE '199 PATENT

# (Against LensAR)

20. Dr. Neev restates and incorporates by reference his previous allegations above, as if fully set forth herein.

21. LensAR has infringed and continues to infringe one or more claims of the '199 Patent by making, using, selling or offering to sell in the United States and/or by importing into the United States the LENSAR Laser System.

22. LensAR has induced and continues to induce infringement of one or more claims of the '199 Patent in the United States by, among others, ophthalmic surgeons performing eye surgery using the LENSAR Laser System LensAR has known of the '199 Patent since at least October 2015, and has known or acted with willful blindness to the likelihood that the use of the LENSAR Laser System by ophthalmic surgeons infringes the '199 Patent.

23. The LENSAR Laser System is configured such that the use of the lasers for eye surgery constitutes infringement, and LensAR instructs and encourages users to use the infringing laser for eye surgery.

24. With respect to the LENSAR Laser System, LensAR's website and marketing materials state, among other things:

- "The LENSAR® Laser System is the only femtosecond cataract laser built specifically for refractive cataract surgery. Because it was designed from the ground up, every aspect of the laser has been purposefully designed to meet the needs of cataract surgeons."
- "The LENSAR® Laser System is approved for a full range of corneal incisions. And with proprietary real-time imaging from Intelligent Incisions™, you can expect a new level of laser accuracy."

25. LensAR intends that the infringing product be used in a manner that infringes the '199 Patent. LensAR obtained FDA approval for infringing uses and

- 4 -

markets the product for infringing uses.  On information and belief, LensAR directly or indirectly creates and provides manuals, brochures and other documentation instructing and enabling infringing uses.

26. LensAR has contributed to and continues to contribute to infringement of one or more claims of the '199 Patent in the United States by, among others, ophthalmic surgeons performing eye surgery using the LENSAR Laser System.  The infringing product embodies a material part of the claimed invention of the '199 Patent, and LensAR knows that the product is especially made or adapted for uses that infringe the '199 Patent.  The infringing product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

27. LensAR's infringement of the '199 Patent has been and continues to be willful.  LensAR has known of the '199 Patent since at least October 2015.  LensAR knew or should have known that the LENSAR Laser System infringes the '199 Patent, and has proceeded despite an objectively high likelihood that a court would find the product to be infringing.

28. LensAR does not currently have nor has it ever had a license under the '199 Patent.

29. Dr. Neev has sustained significant damages as a direct and proximate result of LensAR's infringement of the '199 Patent.

30. Dr. Neev will suffer and is suffering irreparable harm from LensAR's infringement of the '199 Patent.  Dr. Neev is entitled to an injunction against LensAR's continuing infringement of the '199 Patent.  Unless enjoined, LensAR will continue their infringing conduct.

31. LensAR's infringement of the '199 Patent is exceptional and entitles Dr. Neev to attorneys' fees and costs incurred in prosecuting this action.

## RELIEF REQUESTED

WHEREFORE, Dr. Neev prays that the Court enter judgment as follows:

805943 V1

A. That LensAR has infringed and continues to infringe the '199 Patent and that the '199 Patent is not invalid and is enforceable;

B. Awarding Dr. Neev damages adequate to compensate him for LensAR's infringement of the '199 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the claimed inventions by them;

C. Awarding a preliminary and permanent injunction restraining and enjoining LensAR, and its officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further manufacture, use, sales, offers to sell, or importations of any and all of the products and services identified above;

D. Trebling all damages awarded to Dr. Neev under the '199 Patent;

E. Finding this case exceptional and awarding to Dr. Neev his reasonable attorneys' fees incurred in prosecuting his claims for patent infringement;

F. Costs and interest;

G. Such other relief as the Court determines to be just and proper.

DATED: November 30, 2015        HAGENS BERMAN SOBOL SHAPIRO LLP


By:   */s/ Philip J. Graves*
        Philip J. Graves (SBN 153441)
philipg@hbsslaw.com
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Telephone:  (213) 330-7150
Facsimile:  (213) 330-7152

Counsel for Plaintiff
JOSEPH NEEV

**DEMAND FOR JURY TRIAL**

Dr. Neev requests a jury trial for all issues triable to a jury.

DATED: November 30, 2015          HAGENS BERMAN SOBOL SHAPIRO LLP

By:     */s/ Philip J. Graves*
        Philip J. Graves (SBN 153441)
philipg@hbsslaw.com
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Telephone:  (213) 330-7150
Facsimile:  (213) 330-7152

Counsel for Plaintiff
JOSEPH NEEV

- 7 -

805943 V1